IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

TOMMY BRUCE TUCKER                                                              PLAINTIFF

V.                                                                 CIVIL ACTION NO. 3:09CV120

THE BURLINGTON NORTHERN &
SANTA FE RAILWAY COMPANY AND
ALABAMA POWER COMPANY                                                          DEFENDANTS

**MEMORANDUM OPINION**

This cause comes before the court on the motion **[31]** of Defendant Alabama Power Company for a judgment on the pleadings, pursuant to Fed. R. Civ. P. 12(c).

Plaintiff's complaint alleges that he suffered a knee injury as a result of avoiding a train derailment operated by The Burlington Northern and Santa Fe Railway Company on October 3, 2006. Plaintiff filed the instant suit against Burlington on September 14, 2009. Plaintiff then filed an amended complaint on March 16, 2010 against Alabama Power, the owner of the train car.

The standard of review for a Rule 12(c) motion is the same as for a Rule 12(b)(6) motion to dismiss. *Guidry v. Am. Pub. Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). Pleadings should be construed liberally, and judgment on the pleadings is appropriate only if there are no disputed issues of fact and only questions of law remain. *Voest-Alpine Trading USA Corp. v. Bank of China*, 142 F.3d 887, 891 (5th Cir.1998). In deciding a Rule 12(c) motion, a court "must look only to the pleadings and accept all allegations in them as true." *St. Paul Fire & Marine Ins. Co. v. Convalescent Serv., Inc.*, 193 F.3d 340, 342 (5th Cir.1999). The court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any

possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir.1999).

Mississippi's statute of limitations for negligence actions is three years. Miss. Code Ann. § 15-1-49. Alabama Power contends that this case should be dismissed because the statute of limitations expired prior to Plaintiff's suit against the company and thus, Plaintiff is not entitled to relief.

Alabama Power argues that the action began to accrue at the time of Plaintiff's injury, in 2006. Plaintiff Tucker counters that the statute of limitations against Alabama Power did not begin to run until Tucker learned of Burlington's strategy to shift its liability to Alabama Power. Plaintiff provides no law supporting this assertion.

The Fifth Circuit has interpreted the language of § 15-1-49 as referring "only to discovery of the injury, not to discovery of its cause." *Barnes ex rel. Barnes v. Koppers, Inc.*, 534 F.3d 357, 360 (5th Cir. 2008). Similarly, the Mississippi Supreme Court has held "[a] cause of action accrues only when it comes into existence as an enforceable claim; that is, when the right to sue becomes vested." *Angle v. Koppers, Inc.*, 42 So.3d 1, 5 (Miss. 2010) (citing *Owens-Illinois, Inc. v. Edwards*, 573 So. 2d 704, 706 (Miss. 1990)). Plaintiff clearly discovered his injury at the time of its occurrence. His right to sue Alabama Power as owner of the train car allegedly causing his injury became vested on October 3, 2006.

Plaintiff has not alleged that Alabama Power acted to conceal its ownership of the train car. Thus, Plaintiff should have been able to determine Alabama Power's role in the basis for this action through due diligence within three years. Plaintiff has failed to offer another reason as to why he did not discover the company that owned the train car that is the basis of his suit.

Further, Alabama Power, as the owner of the train car and party responsible for rolling stock, did owe a duty of care to Plaintiff at the time of the alleged injury. *Hankins Lumber Co. v. Moore*, 744 So. 2d 459, 466 (Miss. Ct. App. 2000). Another party's trial strategy to shift liability to Alabama Power had no effect on the statute of limitations as it ran against the company.

Defendant's motion **[31]** is **GRANTED**. Alabama Power will be dismissed as a party from this suit.

This the 19th day of October, 2010.

/s/ **MICHAEL P. MILLS**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF MISSISSIPPI**